IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 19-08997 |
| | ) | |
| Jason A Chavarria | ) | Chapter 13 |
| Nichole K Indovina | ) | |
| | ) | Judge: Deborah L. Thorne |
| Debtor(s) | ) | |

TO: Trustee Marilyn Marshall, 224 S. Michigan Ave., #800, Chicago, IL 60604;

See attached service list.

## **PROOF OF SERVICE**

    The undersigned, an attorney, certifies that he transmitted a copy of this notice and the attached Amended Chapter 13 Plan to the above named creditor and also to the attached service list via regular U.S. Mail with postage prepaid from the mailbox located at 4131 Main St. Skokie, IL 60076, on June 13, 2019.

/s/ *David H. Cutler*
Attorney for the Debtor

Cutler & Associates, Ltd.
4131 Main St.
Skokie, IL 60076
Phone: (847) 673-8600

303 Emergency Physicians PLLC
PO Box 98802
Las Vegas, NV 89193


Amex
Correspondence
Po Box 981540
El Paso, TX 79998


Arnold Scott Harris
111 W Jackson
Ste 600
Chicago, IL 60604


Ascendium Education Solutions, Inc.
Po Box 8961
Madison, WI 53708


Bank Of America
Nc4-105-03-14
Po Box 26012
Greensboro, NC 27410


Becket & Lee
16 General Warren Blvd,
Malvern, PA 19355


BlueGreen Corp
4960 Conference Way North, Suite 10
Boca Raton, FL 33431


Capital One
Attn: General Correspondence/Bankruptcy
Po Box 30285
Salt Lake City, UT 84130


CEP America Illinois LLP
PO Box 582663
Modesto, CA 95358


Chase Card
Attn: Correspondence Dept
Po Box 15298
Wilmington, DE 19850

```
Citizens Bank N.A.
Attention: ROP-15B
1 Citizens Drive
Riverside, RI 02940


City of Chicago Dept of Finance
Po Box 88292
Chicago, IL 60680-1292


Client Services Inc
3451 Harry Truman Blvd
Saint Charles, MO 63301


Comenity Bank/Torrid
Attn: Bankruptcy
Po Box 182125
Columbus, OH 43218


Credit Management Control
PO Box 1654
Green Bay, WI 54305


Credit One
PO Box 98873
Las Vegas, NV 89193


Department of Education Loan Servic
PO Box 740351
Atlanta, GA 30374


Discover Financial
Po Box 3025
New Albany, OH 43054


First Premier Bank
Attn: Bankruptcy Dept
601 S Minnesota Ave
Sioux Falls, SD 57101


Granite State Management & Resource
Po Box 3420
Concord, NH 03302
```

```
Honorhealth
250 E Dunlap Ave
Phoenix, AZ 85020


Internal Revenue Service - 1/11
PO Box 7346
Philadelphia, PA 19101-7346


Lending Club Corp
71 Stevenson St
Suite 300
San Francisco, CA 94105


Midland Credit Management
PO Box 51319
Los Angeles, CA 90051


Navient Solutions, LLC
Attn: Bankruptcy
Po Box 9500
Wilkes-Barr, PA 18773


New Hampshire Higher Ed/Granite St.
Attn: Bnakruptcy
4 Barrell Court
Concord, NH 03301


Northwest Commuity Healthcare
28079 Network Place
Chicago, IL 60673


Northwest Community Hospital
28079 Network Place
Chicago, IL 60673


Northwestern Comm Health
28079 Network Place
Chicago, IL 60673


Pediatric Solutions
1655 N Arlington Heights Rd, 203A
Arlington Heights, IL 60004
```

```
Pinnacle Credit Services LLC
PO Box 130848
Carlsbad, CA 92013


Pinnacle Recovery Inc
PO Box 130848
Carlsbad, CA 92013


Quantum3 Group LLC
PO Box 788
Kirkland, WA 98083


Quest Diagnostics
PO Box 740397
Cincinnati, OH 45274


Quicken Loans Inc.
1050 Woodward Ave
Detroit, MI 48226


Rafael F Pena DDS
741 E Dundee Rd
Arlington Heights, IL 60004


Sonnenschein Financial Services Inc
Two TransAm Plaza, Ste 300
Oakbrook Terrace, IL 60181


Suburban Surgical Care
4885 Hoffman Blvd, Ste 400
Hoffman Estates, IL 60192


United States Dept of Education
PO Box 105291
Atlanta, GA 30348


United Student Aid Fund
PO Box 809142
Chicago, IL 60680


US Department of Education
PO BOX 3420
Concord, NH 03302
```

```
Van Ru Credit
PO Box 301122
Chicago, IL 60630


Wakefield & Assoc
PO Box 59003
Knoxville, TN 37950


Wells Fargo Bank, N.A.
Po Box 10438
Macf8235-02f
Des Moines, IA 50306
```

Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | **Jason A Chavarria** | |
| | First Name    Middle Name | Last Name |
| Debtor 2 | **Nichole K Indovina** | |
| (Spouse, if filing) | First Name    Middle Name | Last Name |
| United States Bankruptcy Court for the: | **NORTHERN DISTRICT OF ILLINOIS** | |
| Case number: | **19-08997** | |
| (If known) | | |

■ Check if this is an amended plan, and list below the sections of the plan that have been changed.
**3.1, 4.2, 4.4, 5.1, 5.2**

Official Form 113

# Chapter 13 Plan

12/17

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy alsCourt. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ■ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ■ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ■ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1** Debtor(s) will make regular payments to the trustee as follows:

**$499.00** per **Month** for **36** months
**$590.00** per **Month** for **6** months
**$1,126.00** per **Month** for **18** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2** Regular payments to the trustee will be made from future income in the following manner.

*Check all that apply:*

☐ Debtor(s) will make payments pursuant to a payroll deduction order.
■ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**

Debtor  **Jason A Chavarria**  Case number **19-08997**
**Nichole K Indovina**

*Check one.*

- ■ Debtor(s) will retain any income tax refunds received during the plan term.
- ☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.
- ☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*

- ■ **None***. If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5    The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $41,772.00**.

### Part 3: Treatment of Secured Claims

**3.1    Maintenance of payments and cure of default, if any.**

*Check one.*

- ☐ **None***. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
- ■ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| **Citizens Bank N.A.** | **2014 Kia Sorento 85000 miles** | $536.00<br>Disbursed by:<br>☐ Trustee<br>■ Debtor(s) | Prepetition: $0.00 | 0.00% | $0.00 | $0.00 |
| **Quicken Loans Inc.** | **1348 S Evergreen Ave Arlington Heights, IL 60005 Cook County Principal Residence** | $1,717.00<br>Disbursed by:<br>☐ Trustee<br>■ Debtor(s) | Prepetition: $1,542.72 | 0.00% | $308.54 | $1,542.72 |

*Insert additional claims as needed.*

**3.2    Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

- ☐ **None***. If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
  **The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**
- ■ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured

Official Form 113    **Chapter 13 Plan**    Page 2

| Debtor | Jason A Chavarria<br>Nichole K Indovina | Case number | **19-08997** |
|---|---|---|---|

claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| **Wells Fargo Bank, N.A.** | $1,843.48 | **Windows** | $1,843.48 | $0.00 | $1,843.48 | 3.00% | $79.24 | $1,901.63 |

*Insert additional claims as needed.*

**3.3** **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
■ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4** **Lien avoidance**.

*Check one.*
■ **None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5** **Surrender of collateral.**

*Check one.*
☐ **None**. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
■ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| **Pinnacle Recovery Inc** | **Timeshare - Bluegreen vacation club** |

*Insert additional claims as needed.*

| Part 4: | **Treatment of Fees and Priority Claims** |
|---|---|

**4.1** **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2** **Trustee's fees**

| Debtor | Jason A Chavarria | Case number | 19-08997 |
|---|---|---|---|
| | Nichole K Indovina | | |

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **6.00**% of plan payments; and during the plan term, they are estimated to total $**2,506.32**.

**4.3** **Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**4,000.00**.

**4.4** **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
- ☐ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
- ■ The debtor(s) estimate the total amount of other priority claims to be **$2,119.00**

**4.5** **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
- ■ **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

---

Part 5:    **Treatment of Nonpriority Unsecured Claims**

**5.1** **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*
- ☐ The sum of $         .
- ■    **100.00**   % of the total amount of these claims, an estimated payment of $   **29,385.00**   .
- ■ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $   **27,150.71**   . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2** **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

- ☐ **None**. *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*
- ■ The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|
| **Ascendium Education Solutions, Inc.** | $0.00 | $0.00 | $0.00 |
| | Disbursed by:<br>☐ Trustee<br>■ Debtor(s) | | |
| **Department of Education Loan Servic** | $0.00 | $0.00 | $0.00 |
| | Disbursed by:<br>☐ Trustee<br>■ Debtor(s) | | |
| **Granite State Management & Resource** | $0.00 | $0.00 | $0.00 |
| | Disbursed by:<br>☐ Trustee | | |

| Debtor | Jason A Chavarria | Case number | 19-08997 |
|---|---|---|---|
|  | Nichole K Indovina |  |  |

| Name of Creditor | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|
| **Navient Solutions, LLC** | ■ Debtor(s)<br>$0.00<br>Disbursed by:<br>☐ Trustee<br>■ Debtor(s) | $0.00 | $0.00 |
| **New Hampshire Higher Ed/Granite St.** | $0.00<br>Disbursed by:<br>☐ Trustee<br>■ Debtor(s) | $0.00 | $0.00 |
| **United Student Aid Fund** | $0.00<br>Disbursed by:<br>☐ Trustee<br>■ Debtor(s) | $0.00 | $0.00 |
| **US Department of Education** | $0.00<br>Disbursed by:<br>☐ Trustee<br>■ Debtor(s) | $0.00 | $0.00 |

*Insert additional claims as needed.*

**5.3**  **Other separately classified nonpriority unsecured claims.** *Check one*.

■    **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6:  Executory Contracts and Unexpired Leases

**6.1**  **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

■    **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7:  Vesting of Property of the Estate

**7.1**  **Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
☐    plan confirmation.
■    entry of discharge.
☐    other: _____

### Part 8:  Nonstandard Plan Provisions

**8.1**  **Check "None" or List Nonstandard Plan Provisions**
■    **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

### Part 9:  Signature(s):

**9.1**  **Signatures of Debtor(s) and Debtor(s)' Attorney**
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X  **/s/ Jason A Chavarria**                              X  **/s/ Nichole K Indovina**
   **Jason A Chavarria**                                     **Nichole K Indovina**
   Signature of Debtor 1                                     Signature of Debtor 2

| Debtor | **Jason A Chavarria** | Case number | **19-08997** |
|---|---|---|---|
| | **Nichole K Indovina** | | |

| | Executed on | **June 13, 2019** | Executed on | **June 13, 2019** |
|---|---|---|---|---|
| X | /s/ **David H. Cutler** | | Date | **June 13, 2019** |
| | **David H. Cutler** | | | |
| | Signature of Attorney for Debtor(s) | | | |

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

| Debtor | **Jason A Chavarria** | Case number | **19-08997** |
|---|---|---|---|
| | **Nichole K Indovina** | | |

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | **$1,542.72** |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | **$1,901.63** |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | **$0.00** |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | **$0.00** |
| e. | **Fees and priority claims** *(Part 4 total)* | **$8,625.32** |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | **$29,385.00** |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | **$0.00** |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | **$0.00** |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | **$0.00** |
| j. | **Nonstandard payments** *(Part 8, total)*   + | **$0.00** |
| | **Total of lines a through j** | **$41,454.67** |